IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUGO E. VALLE VARGAS,

    Petitioner-Plaintiff,

v.                                                                                          Civ. No. 25-834 JB/GBW

MARY DE ANDA-YBARA, *et al.*,

    Respondents-Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION TO DISMISS FOR LACK OF JURISDICTION

THIS MATTER comes before the Court on Petitioner's Motion for Preliminary Injunction (*doc.* 2), Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc.* 4), and Respondents' Motion to Dismiss for Lack of Jurisdiction (*doc.* 23). United States District Judge James Browning referred this case to the undersigned under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 16. Having reviewed the briefings and the law, the undersigned RECOMMENDS that Respondents' Motion to Dismiss (*doc.* 23) be GRANTED, and Petitioner's Motion for Preliminary Injunction (*doc.* 2) and Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc.* 4) be DENIED as MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Hugo Valle Vargas is a Mexican native who has lived in the United States since August 22, 2016. *Doc. 2* at 3.[1] Having initially entered the United States as a temporary visitor on a B2 visa, Petitioner overstayed his visa and remained in the United States illegally. *Doc. 5* at ¶ 6. On or about March 12, 2025, Petitioner was taken into ICE custody and removal proceedings were initiated.[2] *Id.*; *see also doc. 2* at 3. On April 29, 2025, Petitioner applied for asylum and requested a custody redetermination (bond) hearing. *Doc. 23-1* at ¶ 10. At his custody redetermination hearing, the Immigration Judge ("IJ") denied bond, finding that Petitioner was a danger to the community based on perceived cartel affiliation. *Doc. 2* at 3; *see also doc. 23-1* at ¶ 11. On May 20, 2025, Petitioner appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"). *Doc. 2* at 3; *doc. 23-1* at ¶ 12. The BIA found that although the IJ's conclusion of cartel affiliation was "based on speculation," the IJ had "properly balanced the remaining record evidence." *Doc. 23-2* at 4 n.3. As such, the BIA dismissed the appeal and upheld the denial of bond. *Id.* at 3.

---

[1] There is some confusion regarding dates in the record. According to Petitioner, he entered the U.S. on a B2 visitor visa in August of 2016. *Doc. 2* at 4. According to Respondents, Petitioner did not apply for his B2 visa until February 14, 2017. *Doc. 23* at 3. However, the exact date of Petitioner's entry into the United States is not material to the petition.

[2] Again, there is a discrepancy in the record regarding dates of certain events. Petitioner maintains that he was taken into ICE custody on March 12, 2025. *See doc. 2* at 3. Respondents, however, state that he was detained on March 11, 2025. *See doc. 23-1* at ¶ 5. Again, the exact date of detention is immaterial.

On August 27, 2025, Petitioner filed a petition for writ of habeas corpus in this Court and moved for a temporary restraining order and preliminary injunction. *See generally docs. 2, 4*.  Petitioner argued that his denial of bond violated the Fifth Amendment because (1) the IJ who denied bond relied upon impermissible speculation and (2) Respondents failed to meet their burden to justify detention.  *Doc. 4* at 10-11.  As such, Petitioner requested that Respondents (1) release him from custody and (2) refrain from re-arresting him unless he is afforded a new bond hearing in which his detention is justified.  *Id.* at 13.  In his Petition for Writ of Habeas Corpus, Petitioner also argued that the Court should order Respondents to refrain from removing him from the United States.  *Doc. 2* at 11.

On September 5, 2025, an IJ denied Petitioner's asylum application and ordered him removed to Mexico.[3]  *Doc. 23-3*.  Petitioner filed a timely appeal of his removal to the BIA on October 3, 2025.  *Doc. 25* at 3; *doc. 27-1* at 3.  This appeal automatically stayed the removal order.  *See* 8 C.F.R. § 1003.6(a) ("the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed . . . while an appeal is pending").  However, the BIA did not formally accept and docket the appeal until October 15, 2025, nunc pro tunc to October 3, 2025.  Consequently, Enforcement and Removal Operations ("ERO") transferred Petitioner for removal to

---

[3] Again, different dates are cited in the record.  Respondents state that Petitioner's asylum application was denied, and he was ordered removed on September 5, 2025.  *Doc. 23* at 3.  Petitioner states these events occurred on September 16, 2025.  *Doc. 25* at 3.  Record evidence indicates the decision was entered on September 5, 2025.  *Doc. 23-3* at 4.

3

Mexico on October 14, 2025, unaware that the removal was stayed pending appeal. *Doc. 25* at 3; *doc. 27* at 2; *doc. 27-1* at 3-4. Petitioner was physically removed to Mexico pursuant to the removal order on October 16, 2025. *Doc. 27* at 2.

While Petitioner's removal may have violated the automatic stay, the issue of his unlawful removal is not properly before the Court. The only issue the Court is asked to consider is the constitutional sufficiency of Petitioner's initial bond proceedings and detention, which, for the reasons explained below, the undersigned recommends the Court find moot. *See generally docs. 2, 4.*

## II. LEGAL STANDARDS

### a. Federal Habeas Jurisdiction

Federal courts only possess jurisdiction over matters as authorized by the U.S. Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256-57 (2013). 28 U.S.C. § 2241 grants district courts the authority to grant writs of habeas corpus, and district courts may entertain petitions pursuant to § 2241 in relation to immigration cases. *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (noting that district courts are the appropriate forum for a noncitizen to bring § 2241 challenges to mandatory detention in the first instance). However, the Tenth Circuit has clarified that district courts' habeas jurisdiction is limited regarding orders of removal. *See Thoung v. United States*, 913 F.3d 999, 1001-02 (10th Cir. 2019) ("[T]he REAL ID Act imposes substantial limitations on judicial review, including habeas review, of final orders of removal."). Nonetheless, the

4

Supreme Court has recognized that district courts retain jurisdiction to consider habeas petitions that challenge determinations by an IJ other than orders of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018) (reviewing a habeas petition after clarifying that "respondents are not asking for a review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"). Accordingly, the Tenth Circuit has found that district courts have jurisdiction to hear a noncitizen's challenge to mandatory detention because that determination is distinct from an order of removal. *See Ochieng*, 520 F.3d at 1115; *see also* 8 C.F.R. § 1003.19(d) (2025) ("Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond… shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding.").

### b. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to contest a federal court's jurisdiction over the subject matter of a claim by motion. Fed. R. Civ. P. 12(b)(1). Generally, such motions take one of two forms (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack assumes the allegations of the complaint as true but argues that no jurisdiction exists. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.

5

1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A factual attack "may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends." *Id.* at 1003. When reviewing a factual attack, a court does not presume the truthfulness of the complaint's factual allegations and has "wide discretion" to consider outside evidence when resolving disputed jurisdictional facts. *Id*; *see also Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In either circumstance, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F.3d at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)). Jurisdictional questions and the merits are considered intertwined when "subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*. In other words, the issue is "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

    c. **Rule 56**

Under Federal Rule of Civil Procedure 56(a), the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

movant bears the initial burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party is then required to designate specific facts showing that "there are…genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citations omitted).

In applying this standard, the Court must draw all "reasonable inferences" in favor of the non-moving party. *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998). Summary Judgment is appropriate only "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### d. Mootness Doctrine

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of*

*Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996)). "Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Habecker v. Town of Estes Park,* 518 F.3d 1217, 1223 (10th Cir. 2008) (quoting *Mink v. Suthers,* 482 F.3d 1244, 1253 (10th Cir. 2007)).

The Tenth Circuit has recognized four exceptions to the mootness doctrine for petitions under § 2241: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and 4) the case is a properly certified class action. *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

### III. ANALYSIS

#### a. The Motion to Dismiss is Properly Construed Under Rule 12(b)(1) or Rule 56

Here, the attack raised by Respondents on the Court's subject matter jurisdiction appears to be factual, not facial. Respondents allege that new facts (namely Petitioner's removal order and subsequent removal) moot the complaint, which only challenged the sufficiency of Petitioner's initial bond review hearing pending removal proceedings. *See doc. 23* at 7. As such, while the Court will presume the truthfulness of the complaint's factual allegations at the time of their filing, it will also consider outside evidence when resolving the disputed jurisdictional facts. *Holt*, 46 F.3d at 1003. While both parties' briefings discuss the motion as founded under Rule 12(b)(1), *see doc. 23* at

8

5; *doc. 25* at 3, even if construed as a motion for summary judgment, *see Holt*, 46 F.3d at 1003, the analysis would be the same because none of the additional facts relevant to jurisdiction are disputed.

### b. Petitioner's Claim is Moot

In his motion and petition, Petitioner contests the constitutional sufficiency of his custody redetermination hearing, alleging that the IJ violated his Fifth Amendment Right to due process by denying bond solely based on a speculative misinterpretation of Petitioner's testimony. *Doc. 2* at 3, 11-14. While Petitioner attempts to allege an additional constitutional violation of unlawful removal in his response brief, *see generally doc. 25*, Petitioner has not formally amended his petition and as such that claim is not properly before the court. *See Borum v. Coffeyville State Bank*, 6 F. App'x 709, 712 (10th Cir. 2001) (finding that the district court was not required to consider a claim raised for the first time in a response to a motion for summary judgment when Plaintiff did not file a motion to amend the complaint).

Because he has been deported, Petitioner's initial claim has been mooted and there is no remedy that can be granted by the court. Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws…of the United States." 28 U.S.C. § 2241(c)(3). A released petitioner can only prevail where a wrongful conviction or detention has "continuing collateral consequences" sufficient to meet the in-custody requirement. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *see Dumas v. U.S. Parole*

9

*Comm'n*, 397 F. App'x 492, 493 (10th Cir. 2010) (applying *Spencer's* mootness inquiry to § 2241 petitions).  The "[petitioner] bears the burden of demonstrating the existence of actual collateral consequences" resulting from the detention.  *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000).

Petitioner's prayer for relief in his petition for writ of habeas corpus requests that this Court enter declaratory judgment about the sufficiency of Petitioner's bond redetermination hearing, order Petitioner released from detention, order another hearing, and forbid Petitioner from being re-arrested until another hearing has been provided.  *Doc. 4* at 13.  Similarly, Petitioner's Motion for a Temporary Restraining Order requests that this court order Petitioner's immediate release from imprisonment.  *Doc. 2* at 2.  Petitioner has been released from detention through the execution of his removal order, *see doc. 27-1* at 3, any remedy regarding the constitutionality of his bond determination hearing pending removal is moot.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot.  [Petitioner's] administrative removal order has been executed, and thus, [Petitioner] is no longer in the custody of the DHS to benefit from a bond determination or release.").

### c. No Exception to the Mootness Doctrine Applies

Petitioner claims that this case is not moot for three reasons.  First, Petitioner states that Respondent's claim that "no administrative appeal was pending" regarding

10

Petitioner's removal was false and that "[b]ecause ICE's unlawful removal created the very condition on which Respondents now claim mootness, the government cannot invoke its own constitutional violation as a basis to evade judicial review." *Doc. 25* at 6-7.  Secondly, Petitioner argues that even apart from ICE's unlawful conduct, Petitioner continues to suffer concrete collateral consequences such as separation from his family in the United States, loss of ability to pursue his pending T-Visa application, and a deprivation of access to counsel and administrative review.  *Id*. at 7-8.  Finally, Petitioner alleges that even if Respondents argue the case is moot based on Petitioner's removal, his claims "fall squarely within this Court's jurisdiction under 28 U.S.C. § 1331 and the APA."  *Id*. at 11.

### 1. Petitioner's Unlawful Removal

Regarding the first argument, Petitioner confuses the question before the Court.  The sole issue properly before the Court is the constitutional sufficiency of Petitioner's bond determination proceedings, not his removal. *See docs. 2*, *4*.  Now that Petitioner has been removed, even if the removal was unlawful, the Court lacks the ability to afford any meaningful remedy for defects in the earlier bond hearing.

### 2. Secondary and Collateral Consequences

Of the Tenth Circuit's four recognized mootness exceptions, *see Riley*, 310 F.3d at 1257, only the first—continuing collateral consequences—is arguably applicable in the case at hand.  Petitioner alleges that he continues to "suffer concrete collateral

11

consequences: separation from his U.S.-citizen family, loss of ability to pursue his pending T-Visa application, and deprivation of access to counsel and administrative review." *Doc. 25* at 7-8.  However, Petitioner's separation from his family, loss of ability to pursue his visa, and lack of access to counsel are not consequences of his detention, they are consequences of his removal.  *See Ferry*, 457 F.3d at 1132 ("[Petitioner's] inability to return to the United States is a continuing injury that stems from his removal order, not his detention.").  The § 2241 petition seeks only a reprieve from detention.  Any potential consequences of Petitioner's removal do not render this case a live controversy and the Court has no ability to remedy Petitioner's pre-removal detention.  *See Rodriguez-Olalde v. United States*, 2021 WL 1169712, at *3 (D.N.M. Mar. 26, 2021) ("The Court cannot 'modify [Petitioner's detention] now that it has been completed' or otherwise fashion a habeas remedy under § 2241.  '[T]he best this [C]ourt could do…would be to declare he spent longer in [confinement] than he should have' which is an improper use of the writ.") (internal citations omitted).

### 3. Jurisdiction under 28 U.S.C. § 1331 and the APA

Petitioner states that this Court should retain jurisdiction under 28 U.S.C. § 1331 and the APA.  *Doc. 25* at 11.  However, whether the Court may exercise jurisdiction outside of § 2241 is irrelevant since there is no live controversy properly before it. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance*

*v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (quotation omitted).  The Court has "no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it[.]" *Id.*  Accordingly, "[o]nce a controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." *Id.* (quotation and alteration omitted).  The undersigned finds that the issue before the court, the sufficiency of Petitioner's bond determination hearing, has been mooted by his removal.  As such, there can be no adjudication under § 1331 or the APA.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Respondents' Motion to Dismiss (*doc. 23*) be GRANTED, and Petitioner's Motion for Preliminary Injunction (*doc. 2*) and Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc. 4*) be DENIED as MOOT.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE